**No. 3330**

**Second Circuit**

———

**STEVENS v. BROWN,**

———

(December 19, 1928. Opinion and Decree.)

———

(See Sec. 52 of Act 64 of 1904.)

C. P. Thornhill, of Columbia, attorney for plaintiff, appellee.

Moss & Moss, of Winnfield, attorneys for defendant, appellant.

ODOM, J. This is a suit to recover $325.00, evidenced by five promissory notes, each for the sum of $65.00, dated February 14, 1927, all executed and signed by the defendant, J. R. Brown, Jr., and made payable to "The Brenard Manufacturing Company." The plaintiff alleges that he is the owner and holder of the said notes, he having acquired the same for a valuable consideration before maturity.

The defense is that the plaintiff is not the holder of the said notes in due course.

There was judgment in the lower court for the amount sued for, together with five per centum interest from the date of the notes until paid, from which judgment the defendant has appealed.

OPINION

On February 14, 1927, the Brenard Manufacturing Company sold to the defendant, J. R. Brown, Jr., certain radio sets for the consideration of $360.00, the purchase price being evidenced, in part, by the notes sued on. Subsequent to the sale, but prior to the maturity of any

of the notes, the Brenard Manufacturing Company sold them to the plaintiff for a valuable consideration. In support of his defense that plaintiff is not the holder of said notes in due course, defendant alleged, among other things that the plaintiff is a member of the partnership which took the notes and that he was not a good faith purchaser and did not pay value for the notes; that he is a party interposed for the purpose of defeating any equities which might be pleaded by the defendant as against the original owners of the notes.

It is elementary that if the plaintiff became the holder of the notes before they were overdue, in good faith and for value, and had no notice of any infirmity in the instruments, or of any defect in the title of the person negotiating them, he is entitled to recover, regardless of any equities which may exist between the defendant and the Brenard Manufacturing Company. (Sec. 52, Act 64 of 1904.)

The testimony makes it perfectly clear that the plaintiff purchased the notes sued on before maturity and that he paid the sound consideration therefor; and, further, that plaintiff did not have at the time of the purchase of the notes, nor at any other time, any connection whatever with the Brenard Manufacturing Company; and, further, that he had no knowledge whatever of the transaction which had taken place between the Brenard Manufacturing Company and the defendant.

The defendant sought to prove, and did prove, that on previous occasions the plaintiff had purchased notes from the Brenard Manufacturing Company and had met with some difficulty in collecting some of them, and it is suggested by counsel for defendant that this fact should have put the plaintiff on inquiry and notice. We are not impressed with that suggestion. The testimony shows that the plaintiff had purchased for himself and for his clients other notes from this same concern, and in some instances, had found it necessary to bring suit in order to collect some of them. But, on account of that fact, it cannot be said, we think, that plaintiff was called upon before purchasing these notes to go into all the details of the sale by the Brenard Manufacturing Company to the defendant, Brown.

However, if it be true, as argued by counsel for defendant, that plaintiff should have made such investigations, it appears from the record that the transaction between the vendor and the vendee was legitimate and that there are in fact no equities between them which would defeat a suit on the notes if brought by the original holders of them. We find in the record a letter written by defendant to the Brenard Manufacturing Company, dated February 22, 1927, in which he says:

"We received the radios today in first-class shape, but no batteries, tubes or connections of any kind. Your salesman told us they come complete, ready to install."

So far as the record shows, the only complaint which the defendant ever made was that the Brenard Manufacturing Company had sold him radio sets which were worthless and, on that account, he should be permitted to defeat the action on the notes. But, by reference to the contract itself, we find that "no tubes, batteries or other accessories included in this order," so that if this suit were between the Brenard Manufacturing Company and the defendant, he could not defeat the action on the notes under the plain letter of the contract.

However that may be, the testimony shows beyond question that the plaintiff purchased the notes before maturity, in good faith and for a valuable consideration, and that there was nothing either in the notes themselves, or otherwise, to suggest any infirmity in them, and he is, therefore, entitled to recover the full amount thereof, together with interest.

Finding no error in the judgment appealed from, it is accordingly affirmed, with costs.